IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHATOIAN *et al.*, | No. C04-02790 MJJ |
| Plaintiffs, | **ORDER RE SUPPLEMENTAL BRIEFING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| COUNTY OF MARIN *et al.*, | |
| Defendants. | |

Pending before the Court is Defendants' Motion for Summary Judgment (Doc. #45). Plaintiffs have filed an Opposition (Doc. #51), and Defendants have filed a Reply (Doc. #54). After reviewing the parties' briefs, the Court has identified certain critical deficiencies in the parties' arguments which necessitate additional briefing before the Court can resolve the pending Motion.

As an initial matter, both parties agree that Plaintiffs' federal 1983 claims hinge on Plaintiffs' ability to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Particularly, Plaintiffs must demonstrate: (1) that Plaintiffs possessed a constitutional right of which they were deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to Plaintiffs' constitutional right; and (4) that the policy is the moving force behind the constitutional violation. *Id.* at 694. While the parties recognize this as the controlling framework, their discussions diverge as to exactly what policies, practices, or customs form the basis of Plaintiffs' claims.

Specifically, Defendants' Motion is premised on the constitutionality of the Marin County Jail's

1   <u>written policies</u> concerning strip searches and safety cell placement. Briefly stated, Defendants contend
2   that neither of the written policies violates the Fourth and Fourteenth Amendments. Interestingly,
3   notwithstanding the existence of these two written policies, Defendants further argue that Plaintiffs'
4   cannot establish municipal liability under *Monell* because Plaintiffs have failed to produce evidence of
5   a policy, practice, or custom or that such policy, practice or custom was the "moving force" behind the
6   County deputies' alleged unconstitutional conduct. Given the fact that Defendants' appear to be arguing
7   that the County Jail staff acted pursuant to, and in accordance with, the written policies regarding strip
8   searches and safety cell placement, it is difficult to square these two components of Defendants' Motion.

9   In their Opposition, Plaintiffs wholly ignore the written policies, and instead identify three
10  informal policies, customs, and practices that they claim led to the purported constitutional violations.
11  Namely, Plaintiffs proffer the following: (1) suicidal detainees must remove their clothes after being
12  placed in the safety cells; (2) deputies will forcibly remove the clothes of suicidal detainees who fail to
13  remove their clothes; and (3) male deputies will assist in the removal of clothes of suicidal detainees
14  who do not voluntarily disrobe. According to Plaintiffs, these practices violate their Fourth and
15  Fourteenth Amendment rights.

16  Lining up Defendants' Motion and Plaintiffs' Opposition, it appears that there is a disconnect
17  between the parties as to the basis of Plaintiffs' federal claims. Specifically, Defendants are moving for
18  summary judgment based on their written policies, and Plaintiffs are defending (and presumably seek
19  to proceed with their claims) based on informal, unwritten policies relating to strip searches and safety
20  cell placement of suicidal and/or violent detainees. Based on this divergence, the Court Orders as
21  follows:

22  <u>Within 10 days of the filing date of this Order</u>, Defendants and Plaintiffs shall each file a
23  Supplemental Brief, <u>not exceeding 10 pages</u>, responding to the opposing party's arguments concerning
24  Plaintiffs' federal claims. Specifically, Defendants shall address Plaintiffs' claims based on the policies,
25  practices, and customs <u>as identified in Plaintiff's Opposition</u> in light of the *Monell* factors and pertinent
26  Fourth and Fourteenth Amendment precedent. Likewise, Plaintiffs shall address Defendants' arguments
27  regarding the County Jail's written policies regarding strip searches and safety cell placement. If
28  Plaintiffs do not seek to rely on the written policies as the basis of their federal claims, Plaintiff shall

2

<mark>
<mark>
<mark>
<mark>
</mark>
</mark>
</mark>
</mark>

so indicate. Any discussion in the briefs exceeding the scope of the issues identified above <u>will be stricken</u>. Further, the Court **VACATES** the hearing current set for March 7, 2006, and sets a telephonic status conference for <u>March 7, 2006 at 2:00 p.m</u>.[1]

**IT IS SO ORDERED.**

Dated: March 3, 2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs shall initiate the conference call with Defendants and call into chambers at (415) 522-4141 at the stated time.

3