IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHATOIAN ET AL, | No. C04-02790 MJJ |
| Plaintiff, | **ORDER DENYING PLAINTIFFS' MOTION TO AMEND AND GRANTING DEFENDANT'S MOTION TO STRIKE/DISMISS** |
| v. | |
| COUNTY OF MARIN ET AL, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Plaintiffs Darcelle Chatoian ("Chatoian"), Cynthia Tasca ("Tasca"), Corin Rasmussen ("Rasmussen"), and Korissa Russell's ("Russell") (collectively, "Plaintiffs") Motion to Amend Class Action. (Docket No. 74.) Defendants County of Marin ("the County"), Marin County Sheriff's Department ("Sheriff's Department"), and Marin County Sheriff Robert Doyle's ("Sheriff Doyle") (collectively, "Defendants") oppose Plaintiffs' Motion. Also before the Court is Defendants' Motion to Strike/Dismiss the Doe Defendants from the First Amended Complaint ("FAC"). (Docket No. 80.)

Coming after this Court's grant of summary judgment in favor of all named Defendants on all counts, Plaintiffs now seek to amend their FAC to substitute previously named Does 1 through 25 with the actual names of the individual deputies involved. For the following reasons, the Court **DENIES** Plaintiffs' Motion to Amend and **GRANTS** Defendants' Motion to Strike/Dismiss the Doe Defendants.

## FACTUAL BACKGROUND

Plaintiffs bring this civil rights action for violations of their constitutional rights resulting from unlawful strip searches. Generally, Plaintiffs allege Marin County Sheriff's deputies ("Deputies") subjected Plaintiffs to "pre-arraignment strip and/or visual body cavity searches" without reasonable suspicion that the searches would produce contraband. (FAC at ¶ 7.)

Specifically, the FAC sets forth the following incidents of improper conduct by the Deputies toward Plaintiffs following their arrest and transport to Marin County Jail: (1) that, around late July or early August, 2003, Deputies forcibly stripped search Plaintiff Tasca and confined her in the nude when she refused to remove her clothes willingly (*Id.* at ¶ 14); (2) that, on or about November 2, 2003, three male Deputies forcibly removed Plaintiff Chatoian's clothes and placed her nude in a cell (*Id.* at ¶ 15); (3) that, on or about March 10, 2004, Deputies subjected Plaintiff Russell to a visual body cavity search (*Id.* at ¶ 17); and (4) that, on or about July 4, 2004, several male Deputies observed Plaintiff Rasmussen undress after being ordered to removed her clothing inside her cell (*Id.* at ¶ 20).

Plaintiffs assert federal claims under 42 U.S.C. § 1983, as well as state-law claims under California Penal Code § 4030 and the Bane Civil Rights Act (California Civil Code § 52 and 52.1(b)). Plaintiffs currently list, however, only the County, the Sheriff's Department, and Sheriff Doyle as named defendants. (*Id.* at ¶¶ 6, 10, 11.) Plaintiffs sued all Deputies involved in the alleged acts as Does 1-100, and sued unknown policymakers as Roes 1-20. (*Id.* at ¶¶ 7, 9.) Neither the Complaint nor First Amended Complaint declare specific ignorance as to the Deputies' identities. (*See id.* at ¶ 7.)

## PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint and First Amended Complaint on July 12, 2004, and February 1, 2005, respectively. (Docket Nos. 1, 33.) On December 7, 2004 and February 11, 2005, the parties filed the original and amended Joint Case Management Statements, respectively, which described all parties to the action as served and foresaw only the addition of new plaintiffs. (*See* Cassidy Decl. at ¶¶ 7-8, Exs. E, F; Docket Nos. 25, 35.) On March 24, 2005, Defendants submitted, in their Rule 26(a)(1) disclosures, the names and contact information of twenty four police officers

and deputies thought to be involved in the alleged incidents. (Cassidy Decl. at ¶ 3, Ex. C at 2-5.) By November 9, 2005, Plaintiffs had deposed many of the Deputies, who identified themselves and others as involved in the incidents alleged. (Cassidy Decl. at ¶ 4.)

On January 1, 2006, the named Defendants filed a Motion for Summary Judgment originally set to be heard March 7, 2006. (Docket No. 45.) This Court later vacated the hearing and ordered supplemental briefing on the issues. (Docket No. 58.) After the parties argued the Motion on March 27, 2007, this Court filed an order on April 6, 2007, granting summary judgment in favor of the named Defendants on all counts. (Docket No. 73.) This Court refrained, however, from granting summary judgment as to the unnamed individual defendants. On June 5, 2007, Plaintiffs filed the current motion to amend their complaint substitute the names of individual Deputies for Does 1 through 25.

**ANALYSIS**

**A. California Law, Rather Than The Federal Rules, Governs Plaintiffs' Request To Substitute The Deputies For Doe Defendants.**

The law is clear that state statute of limitations, including relation back provisions, generally govern Section 1983 actions. *See Merritt v. County of Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989). However, the parties dispute the applicable legal standard governing Plaintiff's request to amend its complaint to substitute the Deputies for the Doe defendants. Defendants contend that Rule 15 governs Plaintiffs' request to amend their First Amended Complaint, and that the request should therefore be denied because of Plaintiffs' considerable delay in seeking leave to amend and the resulting prejudice to Defendants. Plaintiffs aver that their request for leave to amend is governed instead by California Code of Civil Procedure Section 474, and that because Plaintiffs have complied with the requirements of that statute, leave to amend should be granted.

The Court agrees with Plaintiffs that, under Ninth Circuit precedent, it is obligated to follow California law, rather than Federal Rule of Civil Procedure 15, in determining whether Plaintiff may substitute the Deputies for the Doe defendants. *See Rumberg v. Weber Aircraft Corp.*, 424 F. Supp. 294, 297-98 (C.D. Cal. 1976) (California's "qualified four-year limitations period" governing Doe actions embodied in California Code of Civil Procedure is substantive law under *Erie* and can be

applied by federal courts); *Lindley v. General Electric Co.*, 780 F.2d 797, 800-01 (9th Cir. 1986) ("we adopt *Rumberg* as the law of the circuit"). In particular, taken together, California Code of Civil Procedure Sections 474 and 583.210 specify "a plaintiff who names a Doe defendant in his complaint and alleges that the defendant's true name is unknown has three years from the commencement of the action in which to discover the identity of the Doe defendant, to amend the complaint accordingly, and to effect service of the complaint." *Lindley*, 780 F.2d at 799 (citing Cal. Civ. Proc. Code §§ 474, 581a).[1] "There can be little doubt that §§ 474 and 583.210, taken together, are 'integral' to California's statute of limitations scheme and embody state substantive policy." *Brennan*, 626 F. Supp. at 929.

### B. Plaintiffs Have Complied With California Code Of Civil Procedure Section 474.

For purposes of Section 474, the primary focus is on Plaintiffs' actual knowledge regarding the identity of the fictitious defendants at the time of the initial complaint, and not on the diligence of the party after the filing of the initial complaint in discovering the identities of the fictitious defendants. *See Joslin v. H.A.S. Brokerage*, 184 Cal. App. 3d 369, 376 (1986) ("There is no requirement under § 474 that a plaintiff exercise reasonable diligence in discovering either the true identity of fictitious defendants or the facts giving him a cause of action against such person."); *Balon v. Drost*, 20 Cal. App. 4th 483, 487 (1993) ("Section 474 is restricted to the knowledge of the plaintiff at the time of the filing of the complaint.") (quotation omitted). Accordingly, Defendants' evidence that Plaintiffs learned the identities of the Deputies soon after they filed the action has little bearing on whether Section 474 has been satisfied.[2]

Defendants contend that Section 474 should not apply because Plaintiffs are not merely

---

[1] California Code of Civil Procedure Section 581a, discussed in *Rumberg* and *Lindley*, is the predecessor to current California Code of Civil Procedure 583.210. Both set a three-year cap on serving Doe defendants from the date the original complaint is filed. *See Brennan v. Lermer Corp.*, 626 F. Supp. 926, 931 n.8 (N.D. Cal. 1986); *Mike Silverman & Associates v. Drai,* 659 F. Supp. 741, 744 n.5 (C.D. Cal. 1987); *Lindley*, 780 F.2d at 799 n.3 ("[Section 581a] has since been repealed, but a virtually identical provision has been enacted as Cal.Civ.Proc.Code § 583.210.").

[2] At least one California authority indicates that courts can decline to let plaintiffs invoke Section 474 to substitute named defendants for Doe defendants where there is a showing of unreasonable delay or specific prejudice. *See Sobeck & Associates, Inc. v. B 7 R Investments No. 24*, 215 Cal. App. 3d 861, 869 (1989). Here, however, Defendants have not made a sufficient showing of undue delay or specific prejudice. Though Plaintiffs' delay in seeking to substitute the individual Deputies was substantial, the Court does not find the delay to be unreasonable on this record, particularly given the state of the proceedings, in which discovery has not closed and a trial date has not been set. Moreover, Defendants do not make any showing of specific prejudice with respect to the interests of the individual Deputies.

1  substituting in named defendants, but are seeking to file a "new and different" claim that no longer
2  proceeds on a *Monell* theory of liability. The relevant test under California law, however, is whether
3  the amendment is based on the "same general set of facts" as the original and refers to the "same
4  accident and same injuries." *Austin v. Massachusetts Bonding & Ins. Co.*, 56 Cal. 2d 596, 600-01
5  (1961); *see also Fireman's Fund Ins. Co. v. Sparks Const., Inc.*, 114 Cal. App. 4th 1135, 1150
6  (2004). Plaintiffs' claims against the Deputies clearly meet this standard. Indeed, the specific
7  actions of the deputies in conducting strip and body cavity searches has been the foundation of
8  Plaintiffs' claims from the beginning, and the question of whether an underlying constitutional
9  violation occurred was already an element of Plaintiff's *Monell*-based theory of liability.

Plaintiffs' failure to explicitly allege that they did not know the true identity of the Does, at the time the initial complaint was filed, does not prevent them from invoking Section 474 under California law. There is no indication in the FAC, nor evidence before the Court, that Plaintiffs were aware of the identities of the Doe defendants at the time that they filed the FAC. Indeed, Defendants themselves contend that Plaintiffs learned the identities of the individual deputies "early in the case through discovery" (Opp. at 6:6-7), not prior to filing the complaint. Under such circumstances, Plaintiffs' technical failure to allege actual ignorance of the identities of the Does will not bar further amendment to substitute named defendants. *See Dieckmann v. Superior Court*, 175 Cal. App. 3d 345, 356-58 (1985).

Accordingly, the Court finds that Plaintiffs have complied with California Code of Civil Procedure Section 474.

### C. Plaintiffs Have Not Complied With California Code Of Civil Procedure Section 583.210.

The same authorities that establish that Section 474 governs here also make clear that Section 583.210, California's three-year limitation on serving Doe defendants with process, is also applicable as part of California's substantive limitations scheme.[3] Section 583.210 requires the

---

[3] *See Rumberg*, 424 F. Supp. at 298 ("Although CCP s 474 gives a plaintiff extra time to uncover the identity of an unknown defendant, [Section 583.210's predecessor statute] CCP s 581a sets the outside time limit at three years after the complaint is filed"); *Lindley*, 780 F.2d at 799 (under Section 583.210's "nearly identical" predecessor statute, Section 581a, a plaintiff who names a Doe defendant in his complaint "has three years from the commencement of the action . . . to effect

5

summons and complaint to be served within 3 years of filing, and for return of summons within 60 days after the 3-year period expires. Defendants specifically move to dismiss and/or strike the claims against the Deputies on this basis.

Because Plaintiffs filed their initial complaint on July 12, 2004,[4] Plaintiffs were obligated under Section 583.210 to serve the individual Deputies no later than July 12, 2007. Here, Plaintiffs filed their motion to amend the complaint on June 5, 2007, before the deadline to serve the Deputies, but noticed the hearing for August 7, 2007, a date after the service deadline. In their reply brief field July 20, 2007 – after the service deadline – Plaintiffs acknowledge that this the Deputies were not served before the Section 583.210 deadline, arguing:

> Plaintiffs aver that fictitious Doe Defendants are not parties to the action, as leave has not yet been granted to include them in the litigation. Plaintiffs request leave of court to substitute named Defendants, and upon the granting of leave, Defendants will be duly served as parties to the litigation.

(Reply at 9:3-7.)[5]

Plaintiffs' failure to serve the Deputies prior to July 12, 2007 is fatal to their attempt to assert individual claims against these Doe defendants. The three-year limit is "mandatory" and is "not subject to extension, excuse, or exception except as expressly provided by statute." Cal. Civ. Proc. Code § 583.250(b); *see also Tzolov v. International Jet Leasing, Inc.*, 214 Cal.App.3d 325, 327 (1989). None of the enumerated bases on which the three-year time limit on service can be tolled exist in the present action. *See* Cal. Civ. Proc. Code §§ 583.220 (tolling where general appearance entered by defendant in question), 583.240 (tolling where defendant not amenable to process of the court, action was stayed and stay affected service, validity of service was subject of litigation, or service was impossible, impracticable or futile due to causes beyond plaintiff's control) & 583.330

---

service of the complaint"); *Silverman*, 659 F. Supp. at 744 ("under California law, a plaintiff's failure to identify and serve fictitious defendants within three years of the date the complaint is filed bars any later action against those defendants"); *Brennan*, 626 F. Supp. at 929-30 (Section 474 "toll[s] the statute of limitations as of the date the original complaint is filed, provided the defendant is identified and served within the three years prescribed by § 583.210").

[4] Defendants' opposition brief inaccurately states the date that Plaintiffs' original complaint was filed. (Opposition at 2:1 and 11:28-12:1.)

[5] Similarly, when the requirements of Section 583.210 were discussed at oral argument, Plaintiffs did not contend that the individual Deputies had been served prior to the three-year deadline.

6

(tolling based on written stipulation or oral agreement in open court); accord *Silverman*, 659 F. Supp. at 745 n.6; *Tzolov*, 214 Cal.App.3d at 327.

Plaintiffs argue that Section 583.210 should not bar suit because Plaintiffs managed to file the instant motion for leave to amend before the three-year service deadline. Plaintiffs contend that, as a practical matter, they cannot serve the complaint on the Deputies until after leave to amend has been granted. The Court finds this argument insufficient to allow tolling under any of the statutorily-enumerated doctrines. Section 583.240(d) contains the catch-all tolling provision that governs the analysis of Plaintiffs' argument; it allows tolling where:

> [s]ervice, for any other reason, was impossible, impracticable, or futile due to causes beyond the plaintiff's control. Failure to discover relevant facts or evidence is not a cause beyond the plaintiff's control for the purpose of this subdivision.

To the extent that service upon the individual Deputies was rendered "impossible, impracticable, or futile" because this Court had not yet ruled on Plaintiffs' instant motion by the July 12, 2007 service deadline, the Court finds that such circumstances were not "due to causes beyond the plaintiff's control." To the contrary, the undisputed record establishes that Plaintiffs have been aware of the true identities of the individual Deputies since early in the litigation, yet made a tactical decision not to proceed against them individually under after this Court granted summary judgment on the *Monell*-liability claims on April 5, 2007. Even after the Court's summary judgment ruling, Plaintiffs waited another two months, until June 5, 2007, to file their motion to amend. Moreover, Plaintiffs noticed the hearing more than two months out, on this Court's August 7, 2007 motion calendar, even though this district's local rules require only 35 days notice before hearing. Plaintiffs also made no effort to have the motion heard on shortened time.

Accordingly, the Court finds that Plaintiffs' failure to comply with California Code Of Civil Procedure Section 583.210, which is part of California's substantive limitations framework governing Doe actions, prevents Plaintiffs from proceeding against the individual Deputies. Plaintiffs' claims against the individual Deputies are time-barred due to failure to serve within the statutory period. *See* Cal. Civ. Proc. Code § 583.210.

///

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Amend and **GRANTS** Defendants' Motion to Strike/Dismiss the Doe Defendants. The Clerk of the Court is **DIRECTED** to enter final judgment in favor of Defendants.

**IT IS SO ORDERED.**

Dated: December 21, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE